UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA MARIE ZIELKE,

       Plaintiff,

v.                                                                  Case No. 1:13-cv-1123
                                                                                                 Hon. Paul L. Maloney

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
                                                    /

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (docket no. 23). Defendant does not oppose the motion.

    **I.**    **Background**

Plaintiff filed this action to contest an Administrative Law Judge's (ALJ's) decision denying benefits. After plaintiff filed her brief, the parties' entered into a stipulation in which they agreed that this matter should be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *See* Stipulation to Remand (docket no. 17). The Court entered an order of remand and judgment reversing and remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) in accordance with the stipulation. *See* Order of Remand (docket no. 20); Judgment (docket no. 21). Now, plaintiff seeks attorney fees under the EAJA.

    **II.**    **Discussion**

The EAJA provides in relevant part that:

Except as otherwise specifically provided by statute, a court shall award to a

> prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States  . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). "Eligibility for a fee award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and (3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).

Plaintiff has met the three criteria to be eligible for an EAJA award. First, plaintiff is the prevailing party. *Marshall*, 444 F.3d at 840. Second, the government has failed to demonstrate that its action was substantially justified. *Id.* On the contrary, defendant concedes that "the Commissioner was not substantially justified in defending the case." Defendant's Response (docket no. 25). Third, no special circumstances exist in this case to make an award unjust. *Marshall*, 444 F.3d at 840.

The next step is to determine the amount of fees to be awarded under the EAJA, which provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). "Although the EAJA was enacted in October 1981, it was amended in March 1996 to increase the hourly fee rate from $75.00 to $125.00. 28 U.S.C. § 2412(d)(1)(D)(2)(A)." *Metropolitan Van and Storage, Inc. v. United States*, 101 Fed. Cl. 173, 191 (Fed. Cl. 2011). Thus, the statutory rate for EAJA fees has remained the same for nearly two

decades since the last increase. It has become commonplace for prevailing plaintiffs in Social Security Appeals to request EAJA fees and then request attorney fees in excess of $125.00 per hour. In recent years, this Court has found a reasonable attorney fee for experienced Social Security practitioners in EAJA cases to be $175.00. *See, e.g.*, *Malewitz v. Commissioner of Social Security*, No. 1:12-cv-1285, 2014 WL 3354017 (W.D. Mich. July 9, 2014); *Nichols v. Commissioner of Social Security*, No. 1:09-cv-1091, 2012 WL 1189764 (Report and Recommendation) (W.D. Mich. March 19, 2012), adopted in 2012 WL 1190175 (Order) (April 9, 2012); *Mueller v. Commissioner of Social Security*, 1:09–cv–695, 2011 WL 2648703 (W.D. Mich. July 6, 2011); *Karadsheh v. Commissioner of Social Security*, 1:08–cv–988, 2010 WL 4259644 (Report and Recommendation) (W.D. Mich. Sept.17, 2010), adopted in 2010 WL 4259616 (Order) (Oct. 20, 2010).

The Court based this $175.00 hourly rate on the increased cost of living as well as the prevailing market rate for hiring an attorney in Kent County, Michigan. Kent County, a well populated county in the center of the southern division of this district, is home to the state's second largest city and a venue of this Court, and is well situated for determining a proper market rate. *Cf. B & G Mining, Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 663 (6th Cir. 2008) (appropriate rate for attorney fees under the lodestar method "is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation") (McKeague, J.) (internal quotation marks omitted). The mean hourly billing rate for attorneys in Kent County is $298.00, an amount which is 238% higher than the statutory rate set forth in the EAJA. *See Economics of Law Practice in Michigan*, Michigan Bar Journal, Vol. 93, No. 9 at p. 26 (2014 Survey) (Sept. 2014). A significant majority of attorneys in Kent County (i.e., 75%) bill at an hourly rate exceeding $208.00, an amount which is 166% higher

than the EAJA statutory rate. *Id.* Statewide, the mean hourly billing rate for public benefits attorneys in Michigan is $231.00, an amount which is 185% higher than the EAJA statutory rate. *Id*. at p. 25. A significant majority of public benefits attorneys statewide (i.e., 75%) bill at an hourly rate exceeding $180.00, an amount which is 144% higher than the EAJA statutory rate. *Id.* The reality is that most attorneys in Kent County, and most public benefits attorneys statewide, bill at hourly rates far in excess of the EAJA hourly rate of $125.00. Restricting attorney fees to the statutory rate - which has not changed in nearly two decades - will limit the availability of qualified attorneys for Social Security Appeals in this area. Given these considerations, the Court concludes that the previously allowed rate of $175.00 is a reasonable attorney fee for EAJA awards to successful plaintiffs in Social Security Appeals. While this fee is considerably more than the EAJA's statutory rate, it is still less than the fee charged by the majority of attorneys in Kent County, as well as the majority of attorneys practicing public benefits law statewide. Accordingly, the Court is justified in allowing fees up to that amount.

The parties originally submitted a joint stipulation to award plaintiff attorney fees in the amount of $4,000.00. *See* Joint Stipulation (docket no. 18). Plaintiff later submitted an application for EAJA fees based upon 32.0 hours billed as follows: Attorney "MJR" 15 hours @ $150.00 per hour ($2,250.00); Attorney "CAR" 8.5 hours @ $150 per hour ($1,275.00) ; and Legal Assistant "JLS" 8.5 hours at $60.00 per hour ($ 510.00).[1] *See* Charles Robison Aff. (docket no. 23 at pp. ID##678-79). Plaintiff's counsel voluntarily reduced the fee $35.00 to reach the stipulated

---

[1] The time claimed for a legal assistant's work is compensable under the EAJA when " it is for work traditionally performed by an attorney rather than for secretarial work, clerical work, or other overhead costs which would not normally be billed to a client," *Starks v. Commissioner of Social Security*, No. 1:12-cv-519, 2013 WL 2318881 at *2 (W.D. Mich. May 28, 2013)

figure of $4,000.00. *See* Statement (docket no. 19). The amount of time spent on this matter and the hourly rate billed are reasonable, with the exception of 4.00 hours of legal assistant time which was redundant of attorney time. Specifically, the legal assistant billed 2.50 hours on 12/20/14 ("prepare first draft of brief") and 1.50 hours on 2/21/14 ("prepare final draft of brief and file, prepare letter to judge"). Robison Aff. at p. ID# 679. The attorney billed 7.00 and 2.00 hours, respectively, for virtually identical tasks on the same dates. *Id.* Accordingly, the fee request should be reduced by $240.00 (i.e., 4.00 hours x $60.00 per hour), for an adjusted amount of $ 3,760.00.

### III.    RECOMMENDATION

I respectfully recommend that plaintiff's application for attorney fees pursuant to the EAJA (docket no. 16) be **GRANTED in part** and that defendant pay plaintiff attorney fees in the amount of **$3,760.00**.

Dated:  April 17, 2015               /s/ Hugh W. Brenneman, Jr.
                                     HUGH W. BRENNEMAN, JR.
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).