UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA MARIE ZIELKE,

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                              /

Case No. 1:13-cv-1123

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

This matter is before the Court on "Plaintiff's Motion and Brief for Social Security Disability Attorney Fees Pursuant to 42 USC 406(b) Notice" (ECF No. 29).

**I.    Introduction**

Plaintiff filed this action to contest an Administrative Law Judge's decision denying benefits. The Court reversed and remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *See* Judgment (ECF No. 21). Plaintiff's counsel was awarded fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $3,760.00. *See* Order and Judgment (ECF Nos. 27 and 28).

On remand, plaintiff was awarded benefits. However, the amount of benefits awarded is unclear. There is no document entitled "Notice of Award" filed in this Court with respect to plaintiff. It appears that the Social Security Administration (SSA) recalculated plaintiff's benefits and issued a document entitled "Important Information" dated November 29, 2015, which reduced SSI benefits paid. *See* Important Information (ECF No. 29-1, PageID.718-272). In the Important

Information letter, the Social Security Administration (SSA) notes that plaintiff should have been paid "$17,402.00 less in SSI money" and that because of this "we are reducing your Social Security benefits by $17,402.00." Important Information at PageID.718. This letter also states:

> When a lawyer wants to charge for helping with a Social Security claim, we must first approve the fee. We usually withhold 25 percent of past due payments in order to pay the approved lawyer's fee. We withheld $11,955.25 from your past due benefits in case we need to pay your lawyer.

*Id*. at PageID.719. While plaintiff states that "[u]pon recalculation by the Social Security Administration, it was found that the Claimant is entitled to approximately $64,711.25 with attorney fees withheld in the amount of $11,955.25," Plaintiff's Motion (ECF No. 29, PageID.715), there is no document setting out an award of "approximately $64,711.25". Assuming that the withheld amount of $11,955.25 represents 25% of the past due benefits, then plaintiff's award would have been $47,821.00 (i.e., $11,955.25 x 4) rather than $64,711.25. The latter figure appears to include the awards made to plaintiff's dependents, which totaled $16,890.00.[1] *See* Notices of Award for monthly child's benefits dated March 25, 2016 (ECF No. 29-1, PageID.728-734). Although the SSA did not withhold any funds from the children's awards to pay plaintiff's counsel, counsel seeks a fee for 25% of these awards (i.e., $4,222.50). *See* Plaintiff's Motion at PageID.715 ("[i]n addition, the sum of $4,222.50 should have been withheld from beneficiaries who received benefits from Mrs. Zielke's record for payment of attorney fees, less payment of EAJA fees of $3,760, bringing the total of the 25% to $12,417.75"). In summary, plaintiff's counsel requests a fee of $16,177.75, consisting of $11,955.25 which was withheld from plaintiff's award and $4,222.50 which was not withheld

---

[1] TGS received an award of $13,338.00 for benefits due for May 2011 through February 2016, and JJC received an award of $3,552.00 for benefits due for May 2011 through May 2013 (ECF No. 29-1, PageID.728, 731).

from the children's awards, less the previously awarded EAJA fee of $3,760.00, for a net fee award of $12,417.75.

## II. Discussion

Plaintiff's motion seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) for work done before this Court. Attorney fee awards in social security cases brought in this Court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award is appropriate under § 406(b)(1)(A) when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards the claimant past-due benefits. *Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006). The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804 (2002). While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406 for work performed before the administrative agency and for work performed in the Federal Court. *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261, 262 (6th Cir. 1994) (concluding that under 42 U.S.C. §§ 406(a) and 406(b), "each tribunal may award fees only for the work done before it").

Plaintiff's motion for attorney fees contains a number of deficiencies. Some of these are the result of plaintiff's failure to follow W.D. Mich. LCivR 54.2, which sets forth the procedure for filing motions for attorney fees brought pursuant to 421 U.S.C. § 406(b)(1)(A). This local rule

3

states that "the motion must be accompanied by a supporting brief and all necessary documentation."

W.D. Mich. LCivR 54.2(b)(iii). The fee motion must be accompanied by:

> (A) Legible copies of all Notices of Award showing the amount of past due benefits and the amount(s) withheld by the Commissioner under 42 U.S.C. §§ 406, 1383.
>
> (B) A copy of any fee agreement entered into between the plaintiff and the attorney.
>
> (C) A certificate of service that the attorney's fee motion and attachments have been served on the U.S. Attorney and on the plaintiff.

W.D. Mich. LCivR 54.2(b)(iv).

The rules further provide that any response by the client or defendant must be filed within 21 days after the motion for attorney's fees is served, W.D. Mich. LCivR 54.2(b)(v), and that:

> Because it is plaintiff's attorney's burden to establish entitlement to and the reasonableness of the attorney's fees requested, it should seldom be necessary to file a reply brief. Plaintiff's attorney may not file a reply brief absent leave of Court.

W.D. Mich. LCivR 54.2(b)(vi).

As an initial matter, both plaintiff's counsel and defendant's counsel disregarded the briefing requirement by filing letters with the Court. In this regard, an attorney from the SSA sent a letter to the Court stating in pertinent part as follows:

> On November 29, 2015, the Social Security Administration (agency) issued a Notice of Award to Plaintiff notifying her that she was owed a total of $64,711.25 in past-due Social Security Disability benefits and that as required by law, the SSA will withhold 25% of these benefits, or $11,955.25 for payment of attorney's fees. Counsel requests $12,417.75 in fees under 406(b) ($16,177.75 - gross award minus the $3,760 in EAJA fees she already received) not the $11,955.25 the agency withheld. Counsel expended 23.5 hours for work at the District Court. This is equivalent to an hourly rate of approximately $528.42 ($12,417.75/23.5), which appears to be reasonable.

Defendant's Letter (ECF No. 30). Although this was not filed as a response, the Clerk docketed it as such. In addition, this letter is inconsistent with the record, i.e., stating that there was a Notice

of Award issued which notified plaintiff that she was owed a total of $64,711.25 in past due benefits, and includes an incorrect calculation, i.e., stating that the amount withheld ($11,955.25) is 25% of $64,711.25.

This letter prompted plaintiff's counsel to send a letter stating in pertinent part as follows:

> After review of the Defendant's response letter, it appears the only issue is that the fee requested ($12,417.75) is $462.50 more than the 25% ($11,955.75) which was withheld for payment of attorney fees.
>
> This issue was detailed in Plaintiff's Brief, in that SSA failed to withhold 25% of the benefits the Plaintiff's auxiliary beneficiaries received ($3,552 and $13,338) which should have been $4,222.50 and that sum plus the $11,955.25 already withheld equaled $16,177.75 and then the EAJA fee of $3,760 was deducted, leaving $12,417.75, the amount requested.
>
> Further clarification is offered, however, on the additional issue of the hourly attorney fees for the District Court representation of Ms. Zielke. Mr. Peck analyzed the attorney fees for District Court work at 23.5 hours and the rate therefore would compute to $528.24 per hour which he believed to be reasonable. Further analysis is necessary. I did not try the first hearing. Your sentence 4 remand work was paid by the government in the amount of $3,760 (EAJA fees). This calculates at $160 per hour for court work. Our contract calls for 25% of the accrued balance of the disability payments for Ms Zielke and her dependents.
>
> Based on this record, the Court will consider counsel's fee request based upon the SSA's statement that it withheld $11,955.25 from plaintiff's past due benefits to pay her lawyer.
>
> Our fee is contingent - 1. On the court remanding the case (usual) or awarding benefits (rarely). 2. If remanded, convincing the ALJ his first decision was wrong and the right decision is a favorable determination (a double contingency). The hours expended in retrying the case to te ALJ ought to be taken into account when figuring the hourly rate. The 69.25 additional attorney and paralegal hours spent in the administrative process should also be considered.

Plaintiff's Letter (ECF No. 31). Although this letter was not filed or served as a reply brief, the Clerk's Office docketed it as such. While the Court could have stricken both of these letters as

5

improvidently filed, it declined to do so because they provided some information to supplement plaintiff's cryptic brief.[2]

While plaintiff's counsel states that he "represented Plaintiff at both the U.S. District Court and administrative level," Motion at PageID.714, the only matter at issue in this fee petition is an award of attorney fees for the work performed in federal court. In this regard, plaintiff's counsel spent a total of 92.75 hours on this case, stating "[t]hat Plaintiff has spent 23.5 hours preparing for the case in District Court and 69.25 hours representing the Plaintiff at the administrative level. (See Exhibit C)." *Id*. However, these hours are not supported by the referenced Exhibit C which: lists 81.30 hours charged by "RJM," "CAR," and "JLS;" includes no hourly rate; and inexplicably adds up to the exact fee requested by plaintiff's counsel of $12,417.75. *See* ECF No. 29-3, PageID.736-740.

While plaintiff's motion referred to work performed by counsel at the administrative agency, counsel does not indicate whether he or another attorney received an attorney fee award for work performed at the agency level of review. For this reason, the motion for attorney fees is deficient because it fails to state:

(D) The dollar amount (if any) of fees the attorney was awarded, has sought, or intends to seek pursuant to 42 U.S.C. § 406(a) for services performed at the administrative level of review.
and,

(E) Whether the attorney has knowledge of any other representative(s) who were awarded, sought, or will seek authorization for fees under 42 U.S.C. § 406(a).

---

[2] The Court notes that these letters are not the type of communication that one would expect from attorneys practicing in federal court. In this regard, neither attorney properly addressed the letters. The original report and recommendation in this matter was entered by Magistrate Judge Hugh W. Brenneman, Jr., who retired some months before plaintiff filed his motion for attorney fees. Defendant's attorney addressed his letter to "Hon. Joseph G. BrennemanMagistrate Judge" [sic]" while plaintiff's attorney addressed his letter to "Hon. Joseph G. Brenneman" [sic]", apparently confusing the names of former Magistrate Judge Hugh Brenneman, Jr. and former Magistrate Judge Joseph G. Scoville, neither of whom were on the bench when they filed the letters.

*See* W.D. Mich. LCivR 54.2(b)(iii)(D) and (E). Accordingly, plaintiff should submit a supplement to the motion to include this information.

The Court will briefly address the timeliness of the motion. The time in which an attorney must file a motion for approval of fees under 42 U.S.C. § 406(b)(1)(A) "commences on the date shown on the face of the Notice of Award issued by the Social Security Administration." W.D. Mich. LCivR 54.2(b)(i). "In the case of multiple or amended notices, the time period commences on the date shown on the face of the last notice." *Id*. The local rules further provide that:

> The time to file a motion for fees expires 35 days after the commencement date calculated under subparagraph (i) above. Any motion filed after this 35-day deadline will be considered only a specific showing of excusable neglect by plaintiff's attorney.

W.D. Mich. LCivR 54.2(b)(ii). If the Court treats the Important Information letter dated November 29, 2015 as the Notice of Award, then the motion is untimely. However, because plaintiff's counsel also based his claim on the date of the children's Notices of Award (March 25, 2016), the Court will treat the motion as timely filed.

Finally, plaintiff's counsel failed to file a certificate of service stating that the attorney's fee motion and attachments have been served on the plaintiff as required by W.D. Mich. LCivR 54.2(b)(iv)(C). This notification requirement is especially important in this case because the motion seeks an attorney fee of $4,222.50 out of the funds which were awarded to the children, but not withheld to pay attorney fees. For this reason, the motion should be held in abeyance and plaintiff's counsel directed to serve a copy of the motion and attachments on plaintiff, who shall have 21 days to file a response. *See* W.D. Mich. LCivR 54.2(b)(v).

### III. Proposed award

In the event that plaintiff's counsel complies with 54.2(b)(iii)(D) and (E), that there is no claim on the withheld funds for work performed by an attorney in the administrative appeal,

and that plaintiff has no objections, the Court concludes that the motion should be granted in part. Plaintiff's counsel submitted a contingent fee agreement in which plaintiff agreed to pay him a fee of 25% of the past due benefits resulting from her claim. *See* Employment contract for federal court work (ECF No. 29-4, PageID.743-745).

As an initial matter, plaintiff's counsel has not demonstrated that he is entitled to receive any fee for the $16,890.00 awarded to the children. The SSA did not withhold any funds from the children's awards and plaintiff's counsel has provided no explanation, documentation, or authority for his entitlement to 25% of this award. Therefore, the Court will base its decision on the amount awarded to plaintiff ($47,821.00) and the amount withheld from that award to pay attorney fees ($11,955.25).

In evaluating fees under § 406(b), there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 419 (6th Cir. 1990).

With respect to the first consideration, there is no suggestion that Attorney Robison engaged in improper conduct or was ineffective. On the contrary, he secured a favorable result for his client.

With respect to the second consideration, the Court must consider whether the requested fee will result in an undeserved windfall to counsel.

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier

of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422 (footnotes omitted). "In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id.*

As discussed, plaintiff's counsel states that he "has spent 23.5 hours preparing for the case in District Court." *See* Motion at PageID.714. Counsel's regular hourly rate of $150.00 establishes a *Hayes* "floor" of $300.00 per hour. Here, the time spent on plaintiff's claim results in a hypothetical hourly rate of $508.74 (i.e., $11,955.25/23.5 hours). Awarding counsel a fee at this hourly rate, which is more than three times counsel's regular hourly rate, raises the question of whether plaintiff's counsel is receiving a windfall. However, based on all of the circumstances of this case, including the result obtained, the Court concludes that plaintiff's counsel should be awarded the full amount withheld, resulting in a gross fee award of $11,955.25.[3]

Finally, this award is subject to offset for the previously awarded EAJA fee. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"). Thus, if the Court allows plaintiff's

---

[3] In reaching this result, the Court is not bound by defendant's position that an award based on an effective hourly rate of $528.42 is reasonable. *See Gisbrecht*, 535 U.S. at 798, n. 6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants"). Furthermore, defendant's calculation is based upon a net fee of $12,417.75 rather than the gross fee request of $16,177.75. The latter fee - which is the amount plaintiff's counsel actually requested - would result in an effective hourly rate of $688.41, which this Court would consider to be windfall.

counsel an attorney fee award of $11,955.25, this should be reduced by the EAJA fee award of $3,760.00, resulting in a net fee award from this Court of $8,195.25.

### III. Recommendation

Accordingly, I respectfully recommend that plaintiff's counsel be directed to supplement the motion for attorney fees to address the requirements of W.D. Mich. LCivR 54.2(b)(iii)(D) and (E).

I further recommend that plaintiff's counsel be directed to serve a copy of the supplemented motion on plaintiff pursuant to W.D. Mich. LCivR 54.2(b)(v).

I further recommend that if plaintiff has no objections to the supplemented motion, then the motion for award of attorney fees (ECF No. docket no. 29) be **GRANTED in part**, and that plaintiff's counsel be awarded fees in the amount of **$8,195.25**.


Dated:  August 10, 2017         /s/ Ray Kent
                                RAY KENT
                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).